COURT OF APPEALS OF VIRGINIA


Present:  Judges Fitzpatrick, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


DOUGLAS M. HAYES
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2038-96-4     JUDGE NELSON T. OVERTON
                                         JUNE 3, 1997
ANN M. HAYES


             FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                       Jay T. Swett, Judge

          Jeffrey B. Rice for appellant.

          No brief or argument for appellee.



     Douglas M. Hayes (husband) appeals from a July 15, 1996

order of the circuit court awarding Ann M. Hayes (wife) a

judgment in the amount of $11,370.73 with interest running from

June 13, 1994.  Husband contends that the court had no authority

to set interest from that date.  We disagree and affirm.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     Husband and wife were divorced by final decree on October

18, 1994.  In that decree, the trial judge found that wife had

made loans to husband totaling $11,620.73, but denied a money

judgment for that amount on the basis that the debt was separate

debt of the husband rather than marital debt.  Wife appealed, and

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

on January 11, 1996, the Court of Appeals reversed, interpreting Code § 20-107.3(C) to authorize the circuit court to require payment of non-marital debt owed by one party to the other.  The Court remanded the case for further proceedings without instructions regarding interest.  Subsequently, on July 15, 1996, the trial court entered a judgment for $11,370.73, the amount wife requested in her Motion for Partial Summary Judgment, with interest at the statutory rate from June 13, 1994.

> Code § 8.01-382 provides:
>> Except as otherwise provided in § 8.3-122, in any action at law or suit in equity, the verdict of the jury, or if no jury the judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence. The judgment or decree entered shall provide for such interest until such principal sum be paid.  If a judgment or decree be rendered which does not provide for interest, the judgment or decree awarded shall bear interest from its date of entry, at the rate as provided in § 6.1-330.54, and judgment or decree entered accordingly; provided, if the judgment entered in accordance with the verdict of a jury does not provide for interest, interest shall commence from the date that the verdict was rendered.

Husband places emphasis on the language providing that interest shall commence from the date of the order's entry.  He further reasons that, because no order was originally entered before wife appealed, and because the Court of Appeals was silent as to interest, the trial court could only allow interest from July 15, 1996.

We disagree with husband's reading of the statute.  Code § 8.01-382 states that <u>if a judgment be rendered which does not provide for interest</u>, then the interest shall commence from the date of entry.  It also permits the court to provide for interest and <u>fix the period at which the interest shall commence</u>.  The July 15, 1996 order explicitly sets a rate of interest and the period of commencement.  As the trial court acted under authority granted by the Code, we will not disturb the judgment.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>